UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KERRICK PANE BERRIOS, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                              Plaintiff,

- against –

ARROW SECURITY INC., ARROW SECURITY OF NEW YORK., and ALEXANDER CARO,

                              Defendants.

Case No.: 23-cv-04646 (BMC)

ANSWER

JURY TRIAL DEMANDED

Defendants, **ARROW SECURITY INC., ARROW SECURITY OF NEW YORK., and ALEXANDER CARO**, by and through their attorneys, **ZABELL & COLLOTTA, P.C.**, Answer the Complaint as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint to the extent no violation of law occurred.

2. Defendants deny the allegations set forth in Paragraph "2" of the Complaint to the extent no violation of law occurred.

## JURISDICTION AND VENUE

3. Defendants admit the allegations set forth in Paragraph "3" of the Complaint but aver no violation of law has occurred.

4. Defendants admit the allegations set forth in Paragraph "4" of the Complaint but aver no violation of law has occurred.

5. Defendants deny allegations set forth in Paragraph "5" to the extent no violation of law has occurred.

## THE PARTIES

### PLAINTIFF KERRICK PANE BERRIOS

6. Defendants admit the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants admit the allegations set forth in Paragraph "7" of the Complaint.

8. Paragraph "8" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in Paragraph "9" of the Complaint.

### DEFENDANT ARROW SECURITY INC.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint as to the 153-17 Jamaica Ave., 2nd Floor, Queens, NY address. Defendants admit the remaining allegations set forth in Paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint.

**DEFENDANT ARROW SECURITY OF NEW YORK CITY INC.**

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint as to the 153-17 Jamaica Ave., 2nd Floor, Queen, NY address. Defendants admit the remaining allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

**DEFENDANT ALEXANDER CARO**

22. Defendants admit the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants admit the allegations set forth in Paragraph "23" of the Complaint but no violation of law has occurred.

24. Defendants admit the allegations set forth in Paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Paragraph "26" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

27. Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants admit the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint and all subparts related thereto.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

## FACTUAL ALLEGATIONS

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants admit the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

## FIRST CLAIM
(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)

56. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "55" contained herein.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

7

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

60. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "59" contained herein.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

66. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "65" contained herein.

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

70. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "69" contained herein.

71. Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in Paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

### FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

76. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "75" contained herein.

77. Paragraph "77" is a legal conclusion to which no responsive pleading is required.

9

78. Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

80. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "79" contained herein.

81. Defendants deny the allegations set forth in Paragraph "81" of the Complaint.

82. Defendants deny the allegations set forth in Paragraph "82" of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following affirmative defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands and/or laches by employees on whose behalf Plaintiff brings this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent it seeks liquidated damages, is barred, in whole and in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of any law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and full compliance with the law and did not violate any rights which may be secured to employees on whose behalf Plaintiff brings this action under any federal, state, or local laws, rules, regulations, or guidelines.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Although Defendants deny that they owe any alleged unpaid wages or other amounts to employees on whose behalf Plaintiff brings this action, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the Fair Labor Standards Act ("FLSA") was willful, and thus, cannot establish entitlement to a three-year statute of limitations with respect to his FLSA claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any and all monies to which the employees on whose behalf Plaintiff brings this action is entitled have been paid in accordance with the FLSA and NYLL.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Employees on whose behalf Plaintiff brings this action are precluded from recovering any amounts where they have been paid all sums legally due under the law.

### AS AND FOR A EIGTH AFFIRMATIVE DEFENSE

Defendant Alexander Caro did not establish Plaintiff's wages or work schedule, nor did he for prospective class members.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Some, or all, of the disputed time for which Plaintiff seeks recovery involves wages purportedly owed to employees on whose behalf Plaintiff brings this action for time that is not compensable pursuant to the *de minimus* doctrine and rounding regulations.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Defendants maintain appropriate records and all such records are kept in accordance with law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any acts or omissions on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FLSA or NYLL.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the FLSA and to the extent any sums are found due and owing to the employees on whose behalf Plaintiff

brings this action, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to each employee on whose behalf Plaintiff brings this action over and above their wages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not representative of a potential class.

## DEMAND FOR A JURY

Defendants demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants, **ARROW SECURITY INC., ARROW SECURITY OF NEW YORK INC., and ALEXANDER CARO**, hereby demand judgment dismissing the Complaint in its entirety, together with the cost and disbursements of this action, including attorneys' fees, and for such further relief as this court may deem just, equitable, and proper.

Defendants expressly reserve the right to amend their Answer and assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery.

Dated: Bohemia, New York
   July 17, 2023

                ZABELL & COLLOTTA, P.C.
                *Attorneys for Defendants*
                *Arrow Security Inc., Arrow Security of*
                *New York, Inc., and Alexander Caro,*

By: _____
    Christopher K. Collotta, Esq.
    1 Corporate Drive, Suite 103
    Bohemia, New York 11716
    Tel: (631) 589-7242
    Fax: (631) 563-7475
    CCollotta@laborlawsny.com